## STATE *vs.* JOHN McMAHON.

A statute provided that "No swine shall be kept in any town to be fed on swill, offal, or
other decaying substances brought from any other town except in such places as shall be
designated by the town council thereof."
*Held*, that the intent of this statute was not to forbid a person living in one town to feed his
swine on swill from another town unless he kept the swine purposely to be fed in that
way. The intent was to prohibit the business of keeping swine to be so fed in places
other than those designated for it.
An indictment under this statute followed the words of the statute.
*Held*, that the indictment was sufficient and a conviction under it valid.

EXCEPTIONS to the Court of Common Pleas.

An indictment was found against the defendant as follows:

" Newport Sc. At the Court of Common Pleas of the State
of Rhode Island and Providence Plantations holden at Newport,
within and for the county of Newport, on the third Monday of
May, in the year of our Lord one thousand eight hundred and
eighty three.

" The grand jurors of the State of Rhode Island and Provi-
dence Plantations, and in and for the county of Newport, upon
their oaths present :

That John McMahon, of Newport, in said county, yeoman, on
the sixth day of May, in the year of our Lord one thousand eight
hundred and eighty three, with force and arms at Middletown, in
the aforesaid county of Newport, did then and there keep divers
large numbers of swine, to wit, thirty swine, at a place within
said Middletown, a town within said State, to wit, on land of
Thomas B. Buffum within said town of Middletown, said swine
then and there to be fed on swill, offal, and other decaying sub-
stances brought from another town than said Middletown, to wit,
from the city of Newport, a town within said State, said place
where said swine were then and there kept and fed as aforesaid
not having been then and there designated by the town council of
said town of Middletown as a place for such keeping and feeding
of swine, against the form of the statute in such case made and
provided, and against the peace and dignity of the State."

" Preferred by Samuel P. Colt, Attorney General," and signed
by fifteen grand jurors.

The defendant moved that the indictment be quashed, and his

motion was overruled.   After conviction he moved in arrest of judgment, and this motion was also overruled.   He then brought the case into this court on exceptions.   The statute under which the indictment was preferred is given in the opinion of the court.

*Samuel R. Honey*, for the defendant.   If the statute, Pub. Stat. R. I. cap. 79, § 9, justifies this indictment, the General Assembly of Rhode Island has made it an offence to intend to do a thing which thing is not in itself unlawful, *i. e.* to *intend* to feed swine on offal, &c., is made unlawful, whereas the actual feeding of them is not unlawful.

No report of the evidence accompanies the bill of exceptions, but it is fair to assume that the *probata* agreed with the *allegata*. The latter would be quite satisfied by proof that the defendant kept swine and went about saying he meant to feed them on offal, &c.

Statutes are to be construed according to the intention of the makers, and a literal construction is not to be adopted if such would be unreasonable.   *Staniels* v. *Raymond*, 4 Cush. 314, 316 ; *Ham* v. *McClaws*, 1 Bay, 93, 98 ; Potter's Dwarris on Statutes, 245, note 35 ; Ibid. 144, Rules 4, 6, and 8 ; *Commonwealth* v. *Loring*, 8 Pick. 370 ; *Parkinson* v. *The State*, 14 Md. 184 ; *United States* v. *Wiltberger*, 5 Wheat. 76.

The words "no swine shall be kept in any town, &c., . . . to be fed, &c.," should be construed, "no swine kept in any town shall be fed," &c.   *State* v. *Main*, 31 Conn. 572 ; *United States* v. *The Athens Armory*, 35 Ga. 344 ; *State* v. *Powers*, 36 Conn. 77 ; *Huffman* v. *The State*, 29 Ala. 40.

*Samuel P. Colt*, Attorney General, for plaintiff.

*Providence, November* 21, 1883.   DURFEE, C. J.   This case comes up on exceptions from the Court of Common Pleas.   The defendant was indicted in that court under Pub. Stat. R. I. cap. 79, § 9, which reads as follows, to wit : " No swine shall be kept in any town to be fed on swill, offal, or other decaying substances, brought from any other town, except in such places as shall be designated by the town council thereof."   The indictment, following the language of the statute, charges that the defendant did keep divers swine, to wit, thirty swine, at a place within the town of Middletown in this State, " then and there to be fed on swill,

offal, and other decaying substances brought from another town than said Middletown, to wit, from the city of Newport," with an averment that the place where the swine were kept had not been designated for their keeping by the town council of Middletown. The defendant moved the court below to quash the indictment because it did not allege any offence known to the law. The court below overruled the motion, and after verdict against him the defendant moved in arrest of judgment for the same cause, which motion the court below also overruled. The defendant excepted to the rulings for error.

The defendant contends that the keeping of swine in one town to be fed on swill, &c., brought from another is not an offence under the statute, unless the swine are so fed, and consequently that the indictment is bad because it does not allege that they were so fed. We do not think the construction is valid. The statute prohibits not the feeding but the keeping to be fed. Doubtless the General Assembly intended not to have any one begin the business until he had first got a place designated for it, and then intended to have him begin it there. The statute is well suited to effectuate such an intent. The defendant argues that the statute cannot be so construed, because such a construction would make the keeping criminal or not according as the keeper had or not a given intention to do a thing which is not itself criminal, namely, to feed the swine as aforesaid, such feeding being nowhere else forbidden. The argument is not convincing. Such a statute may be unprecedented, but it does not follow that it is impossible. The General Assembly did not mean to forbid a person living in one town to feed his swine on swill or offal brought from another, unless he kept them purposely to be fed in that way. It meant to prevent the carrying on of the business of keeping swine to be so fed, except in places designated for it, on account of the resulting nuisance, and with that view prohibited the very inception of it, without waiting for it to get into full operation. We see no reason for regarding the prohibition, under the limitations specified, as either impossible or unconstitutional.

MATTESON, J., concurred.

STINESS, J., dissented.

*Exceptions overruled.*